# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL P. ONEILL, | Case No.  1:23-cv-01179-FRS (BAM) (PC) |
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT |
| v. | |
| MARTINEZ, et al., | (ECF No. 1) |
| Defendants. | **THIRTY (30) DAY DEADLINE** |

Plaintiff Michael P. Oneill ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint is currently before the Court for screening.  (ECF No. 1.)

## I.    Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.    Plaintiff's Allegations

Plaintiff is currently housed at California Men's Colony, East, in San Luis Obispo, California.  The events in the complaint are alleged to have occurred while Plaintiff housed at Corcoran State Prison in Corcoran, California.  Plaintiff names as defendants: (1) C/O L. Martinez; (2) C/O R. Manning; (3) John Doe 1, Facility 3B ADA Sgt.; (4) John Doe 2, Facility 3B Security and Escort Correctional Officer; (5) John Doe 3, Facility 3B Security and Escort Correctional Officer; (6) John Doe 4, Facility 3B Correctional Officer; and (7) John Doe 5, Facility 3B CDCR Personnel.  All defendants are employed at Corcoran State Prison.

Plaintiff alleges as follows:

Plaintiff is a forty-year-old inmate serving a determinate sentence.  During his time, he suffered from stage 3 colorectal cancer, which was treated with radiation and chemotherapy and was cured.  The after effects of the treatment were incontinence of stool.

On December 28, 2022, Plaintiff was having ADA/incontinent issues and urgently needed to report back to his cell to privately utilize his ADA/incontinence supplies.  Defendants L. Martines, R. Manning, and several other unknown officers located inside the building (Facility 3B) (Housing Unit 1) wouldn't let him return to his cell.  They ignored Plaintiff's efforts to get the attention of the control booth officer (Defendant Manning).  Plaintiff soiled himself and was then afforded the opportunity to return to his cell afterwards.

Plaintiff seeks declaratory relief, a trial by jury, monetary damages, injunctive relief ordering the release of all body worn camera evidence of all seven defendants and the true identities of John Does 1–5, and any other relief that the Court deems just and fair in accordance with federal law.

### III.  Discussion

#### A.  Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff's complaint fails to link any of the individual John Doe defendants to any wrongful conduct.  Although Plaintiff identifies these defendants individually as John Does 1–5 when listing the parties to this action, Plaintiff does not link these defendants to any specific act or omission that violated Plaintiff's rights.  It is not sufficient for Plaintiff to state that the John Doe defendants, as a group, violated his rights.

#### B.  Eighth Amendment – Conditions of Confinement

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety.  *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir.

2000) (quotation marks and citations omitted).  To establish a violation of the Eighth Amendment, the prisoner must "show that the officials acted with deliberate indifference . . ." *Labatad v. Corrs. Corp. of Amer.*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. Cty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)).

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer*, 511 U.S. at 834.  Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. Cty. of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995).  The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2006).  Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at 835; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Objectively, extreme deprivations are required to make out a conditions-of-confinement claim and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  Although the Constitution "'does not mandate comfortable prisons,'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), "inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time," *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989).

Plaintiff fails to state a cognizable claim regarding his conditions of confinement. Plaintiff alleges that, on a single occasion, he was denied access to his incontinence supplies, resulting in him soiling himself, before he was permitted to clean himself.  While it is not clear from the complaint, it appears that approximately 30 minutes elapsed during the course of the events at issue.  These allegations are not objectively sufficiently serious to state an Eighth Amendment violation. *Hudson*, 503 U.S. at 9; *see also Maestas v. CSATF Prison*, Case No. 1:23-cv-00419-EPG (PC), 2024 WL 201267, at *4 (E.D. Cal. Jan. 18, 2024) (denial of roll of toilet

4

paper on one occasion does not state Eighth Amendment violation); *Cardenas v. Base*, No. CV-04-5080-RHW, 2006 WL 151937, at \*3 (E.D. Wash. Jan. 18, 2006) (denial of toilet paper for almost six hours does not meet objective test for cruel and unusual punishment); *Gaston v. Terronez*, No. 1:08-cv-01629-SKO PC, 2010 WL 2991180, at \*3 (E.D. Cal. July 28, 2010) (prison official who denied supply of diapers to incontinent inmate, resulting in inmate sitting in his own feces for one week, sufficient to state claim under Eighth Amendment).

      **C.**      **Fourteenth Amendment**

            1.      Equal Protection

Plaintiff alleges a violation of his rights under the Equal Protection Clause of the Fourteenth Amendment.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439, (1985); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that defendants intentionally discriminated against a plaintiff based on his membership in a protected class, *Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 702– 03 (9th Cir. 2009); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 601–02 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008).

Plaintiff has not shown that he was discriminated against because of his membership in any protected class. To the extent Plaintiff asserts that he was discriminated against on the basis of his disability, "the disabled do not constitute a suspect class" for equal protection purposes." *Does 1–5 v. Chandler*, 83 F.3d 1150, 1155 (9th Cir. 1996) (citing *City of Cleburne*, 473 U.S. at 440). Nor has Plaintiff shown that he was intentionally treated differently than other similarly situated inmates without a rational relationship to a legitimate state purpose. Therefore, he has not stated any claim for a violation of his rights under the Equal Protection Clause.

///

2.    Due Process

While Plaintiff purports to raise claims against Defendants under the Due Process Clause of the Fourteenth Amendment, it is not clear what process Plaintiff alleges was not afforded to him.  To the extent Plaintiff is attempting to allege that he was deprived of his property, in the form of his incontinence supplies, without due process, Plaintiff fails to state a cognizable claim.

Prisoners have a protected interest in their personal property.  *Hansen v. May,* 502 F.2d 728, 730 (9th Cir. 1974).  An authorized, intentional deprivation of property is actionable under the Due Process Clause.  *See Hudson v. Palmer*, 468 U.S. 517, 532 n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435–36 (1982)); *Quick v. Jones,* 754 F.2d 1521, 1524 (9th Cir. 1985).  However, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available."  *Hudson*, 468 U.S. at 533.

As currently pled, it appears Plaintiff is alleging an unauthorized, intentional deprivation of his property by Defendants.  As such, due process is satisfied if there is a meaningful post-deprivation remedy available to Plaintiff.  *Id.* Plaintiff has an adequate post-deprivation remedy available under California law.  *Barnett v. Centoni,* 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–95).  Therefore, Plaintiff fails to allege a cognizable due process claim for the alleged deprivation of his property.

**D.    Americans with Disabilities Act ("ADA")**

The ADA provides, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  The ADA defines "qualified individual with a disability" as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity."  *Id.* § 12131(2).

To the extent Plaintiff intends to sue the individual named defendants for violation of his rights under the ADA, he may not "bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA." *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).  The proper defendant in ADA actions is the public entity responsible for the alleged discrimination.  *U.S. v. Georgia*, 546 U.S. 151, 153 (2006).  State correctional facilities are "public entities" within the meaning of the ADA.  *See* 42 U.S.C. § 12131(1)(A) & (B); *Pennsylvania Dep't. of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998); *Armstrong v. Wilson*, 124 F.3d 1019, 1025 (9th Cir. 1997).

In order to state a claim under the ADA, the plaintiff must have been "improperly excluded from participation in, and denied the benefit of, a prison service, program, or activity on the basis of his physical handicap."  *Armstrong*, 124 F.3d at 1023. Plaintiff has alleged no facts demonstrating such exclusion or denial.

### E.    State Law Claims

Plaintiff alleges a claim for gross negligence pursuant to California state law.

California's Government Claims Act[1] requires that a claim against the State[2] or its employees "relating to a cause of action for death or for injury to person" be presented to the Department of General Services' Government Claims Program no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2.  Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit.  *State v. Super. Ct. of Kings Cty. (Bodde)*, 32 Cal. 4th 1234, 1245 (Cal. 2004); *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public entity or employee, a plaintiff must allege compliance with the Government Claims Act.  *Bodde*, 32 Cal. 4th at 1245; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

---

[1] This Act was formerly known as the California Tort Claims Act.  *City of Stockton v. Superior Court*, 42 Cal. 4th 730, 741–42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

[2] " 'State' means the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller."  Cal. Gov't Code § 900.6.

Plaintiff has attached a government claim form regarding this incident, dated June 9, 2023.  (ECF No. 1, pp. 20–21.)  However, Plaintiff does not allege that this form was filed with the Government Claims Program or that he received an action on or rejection of the claim prior to filing his complaint in this action.  Plaintiff has therefore failed to allege compliance with the claim presentation requirement of the Government Claims Act.

Furthermore, pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c).  "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."  *United Mine Workers of Amer. v. Gibbs*, 383 U.S. 715, 726 (1966).  Here, Plaintiff's complaint fails to state any cognizable federal claims.  It will therefore be recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

**F.      Doe Defendants**

Plaintiff names several John Doe defendants.  "As a general rule, the use of 'John Doe' to identify a defendant is not favored."  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  Plaintiff is advised that John Doe defendants (i.e., unknown defendants) cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe defendants.

**IV.    Conclusion and Order**

Plaintiff's complaint fails to state a cognizable claim for relief.  As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

///

8

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678–79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Any amended complaint shall be **limited to twenty (20) pages in length**, excluding exhibits.

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint, **limited to twenty (20) pages**, excluding exhibits, curing the deficiencies identified by the Court in this order (or file a notice of voluntary dismissal); and

3. **If Plaintiff fails to comply with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated:   **January 27, 2026**          /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE